NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 22-147

SUCCESSION OF

TROY LANGLEY DERAMUS

**********

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 43,935
HONORABLE DAVID MICHAEL WILLIAMS, DISTRICT JUDGE

**********

JOHN E. CONERY

JUDGE

**********

Court composed of John E. Conery, D. Kent Savoie, and Gary J. Ortego, Judges.

APPEAL DISMISSED AS MOOT.

**Paul Leonard Veazey, Jr.**
**Stockwell, Sievert, Viccellio, Clements & Shaddock, L.L.P.**
**Post Office Box 2900**
**Lake Charles, LA 70602**
**(337) 436-9491**
**COUNSEL FOR APPELLANT:**
**Jimmie DeRamus**

**Jeremy C. Cedars**
**Fine Legal Services, L.L.C.**
**4615 Parliament Drive, Suite 202**
**Alexandria, LA 71303**
**(318) 767-2226**
**COUNSEL FOR APPELLEE:**
**Johnnie DeRamus**

**CONERY, Judge.**

On May 6, 2022, Appellee, Johnnie DeRamus, individually and as Independent Executor of the Succession of Edwina DeRamus, filed a motion to dismiss the instant appeal. For the reasons stated here, we dismiss the appeal.

The instant case arises from a dispute in the Succession of Troy L. DeRamus over the appointment of executor. Troy DeRamus died on January 27, 2018, and was survived by his wife, Edwina, and two sons, Jimmie, Appellant herein, and Johnnie. Troy had a valid olographic will dated November 23, 2017, which left all of his possessions to his wife and established that Johnnie was "to perform as her second manager solely" . . . "For the family after her death." Edwina was in the process of administering the succession when she died, and Edwina's will named Johnnie the independent executor of her estate.

On June 3, 2021, Jimmie filed a Petition for Appointment of Dative Testamentary Executor, alleging that he should be appointed Troy's executor under La.Code Civ.P. art. 3083 because Edwina was dead, and Troy's testament did not name an alternative executor. Jimmie's petition did not include a copy of Troy's olographic will. Jimmie obtained an order appointing him as Troy's executor on June 3, 2021. On June 9, 2021, Johnnie filed a Petition to Annul Order to Appoint Dative Testamentary Executor, arguing that Troy's will intended for Johnnie to administer his succession if Edwina died. The matter was heard on August 10, 2021, and taken under advisement. The trial court signed a written judgment on October 18, 2021, annulling Jimmie's order and naming Johnnie the executor of the succession.

Prior to the filing of the instant appeal, Jimmie filed an application for supervisory writs, seeking review of the trial court's October 18, 2021 ruling. On March 9, 2022, this court found no error in the trial court's ruling. *Succession of Troy L. DeRamus*, an unpublished writ ruling bearing docket number 21-752 (La.App. 3 Cir. 3/9/22).

In his motion to dismiss the instant appeal, Johnnie argues that the October 18, 2021 judgment is an interlocutory judgment and is not subject to an appeal. Further, Johnnie maintains that Jimmie is not entitled to an appeal and is not prejudiced by the dismissal of this appeal.

This court notes that the judgment subject to the instant appeal is the same judgment that was reviewed on supervisory writs. In light of this court's March 9, 2022 ruling, we find that the issues raised in Johnnie's motion to dismiss are pretermitted as the appeal is now moot. Accordingly, we dismiss the instant appeal.

**APPEAL DISMISSED AS MOOT.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2-16.3.